**FILED**
**Aug 13, 2024**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **Man Thi Le,** | ) | **Docket No. 2023-06-6704** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Sumitomo Electric Wiring Systems,** | ) | |
| **Inc.,** | ) | **State File No. 72362-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **Mitsui Sumitomo Ins. USA, Inc.,** | ) | |
| **Carrier.** | ) | **Judge Kenneth M. Switzer** |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

Man Thi Le requested benefits at an expedited hearing on August 8, 2024. She suffers from carpal tunnel syndrome that she claimed resulted from her work at Sumitomo. Sumitomo denied the claim, contending that her condition did not arise primarily out of her employment. The Court finds she is unlikely to prove at a hearing on the merits that her work was the primary cause of her injury and denies her request.

### Claim History

Per Ms. Le's affidavit, she reported suffering a repetitive motion injury to her hands on September 16, 2023. She had worked approximately 60 hours per week rolling and coiling electrical wiring. According to Ms. Le, Sumitomo immediately denied her request for treatment. She testified that she went to the emergency room twice on her own but offered no records from either visit.

Ms. Le saw Dr. Clinton Morgan on her own on September 25, where she reported weakness in her hands and 2/5 hand grip strength. Dr. Morgan wrote, "She is losing function in her hands and cannot do her work. She has visible atrophy in her hands as well on the right side, worse than the left side, which is now starting to progress to the left side."

Ms. Le saw her regular provider, a nurse practitioner, in early October, who

1

diagnosed bilateral carpal tunnel syndrome. Release surgery was scheduled but never performed because Sumitomo denied the claim on November 10.

Ms. Le offered a note from Dr. Morgan, where he later gave the following opinion:

Thi Man Le
DOB: 10/10/1973
MRN: 2777720

DATE: 12/22/2023

I have evaluated Thi Man Le in the office as well as in the inpatient setting, and her EMG and nerve conduction study confirms that she has severe carpal tunnel syndrome. Given her stated occupation, bending and flexing her hands frequently, this is an extremely high risk activity for developing carpal tunnel syndrome; therefore, it is entirely possible that the nature of this work has significantly contributed more than 50% to her symptom development; however, I do not have a baseline examination before she began this work to know how she functioned beforehand, but given the severity of her carpal tunnel syndrome, I am concerned that she will continue to decline without active treatment and surgical decompression.

Clinton D Morgan, MD/11078

Ms. Le testified that she has been fully disabled from working since September 19, 2023. She requested a panel of hand-specialist physicians. Sumitomo countered, in part, that her requests should be denied because the injury did not arise primarily out of employment.

Sumitomo also contended that her carpal tunnel syndrome preexisted her employment with it and pointed to medical records from March and June, 2023. In the earlier visit, she reported "multiple joints pain" in several body parts including her hands. She also complained of numbness in all fingertips of both hands. At the follow-up, she reported the same complaints, which were worsening. The nurse practitioner diagnosed "multiple joint pain" and "numbness of hand." He wrote, "[R]efer to hand orthopedic for further evaluation. Likely CTS?"[1]

---

[1] Sumitomo offered detailed testimony from Ms. Le's supervisor and its human resources director about the circumstances of Ms. Le reporting the alleged injury and her termination. However, Sumitomo has not raised a notice defense. Further, given the ruling that Ms. Le is unlikely to prove at a hearing on the merits that her carpal tunnel syndrome arose primarily out of her employment, the Court need not recount this testimony.

**Findings of Fact and Conclusions of Law**

To grant Ms. Le's requests, she must show she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

As a threshold issue, Ms. Le must show that her carpal tunnel syndrome meets the definition of "injury" under the Workers' Compensation Law. Section 50-6-102(12) specifically lists as compensable "carpal tunnel syndrome . . . arising primarily out of and in the course and scope of employment, that causes . . . disablement or the need for medical treatment." Further, she must show "to a reasonable degree of medical certainty" that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment." *Id.* at -102(12)(B)-(C). "Shown to a reasonable degree of medical certainty" means that in the physician's opinion, "it is more likely than not, considering all causes, as opposed to speculation or possibility." *Id.* at -102(12)(D).

Here, the Court has only Dr. Morgan's medical opinion. Sumitomo argued that his opinion does not meet the above definition. Ms. Le suffers from carpal tunnel syndrome and needs surgery. The question is whether she is likely to show at a hearing on the merits that her work caused her condition or need for treatment.

Dr. Morgan's opinion is expressed using a percentage favorable to Ms. Le's position, but it also conveys uncertainty. He has examined Ms. Le and reviewed the results of her diagnostic testing. He considered her work: "bending and flexing her hands frequently, this is an extremely high risk activity for developing carpal tunnel syndrome." Dr. Morgan continued, "It is entirely possible that the nature of this work has significantly contributed *more than 50%* to her symptom development; *however I do not have a baseline examination before she began this work to know how she functioned beforehand[.]*" (Emphasis added). While the first clause of that sentence states that a greater than 50% chance exists that Ms. Le's work caused her carpal tunnel syndrome, the second clause injects doubt when Dr. Morgan expresses the need to consider a "baseline examination." Moreover, the statute expressly rejects "possibility" and requires greater certainty.

Ms. Le had complained of numbness in her hands to a nurse practitioner in March and June, 2023—several months before the date of injury—and in June, the nurse practitioner noted that he suspected carpal tunnel syndrome. Apparently Dr. Morgan did not have that information.

Given Dr. Morgan's desire for more information before cementing his opinion, and the treatment notes pre-dating the injury at work, the Court cannot find at this time that Ms.

Le is likely to prove at trial that her carpal tunnel syndrome arose primarily out of her employment.[2]

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1.  Ms. Le's requests for medical and temporary disability benefits are denied.

2.  The Court sets a status hearing on **November 12, 2024, at 1:30 p.m. Central Time.** You must call 615-532-9552 or 866-943-0025 to participate.

**ENTERED August 13, 2024.**

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

---

[2] Sumitomo also argued that Ms. Le knowingly and willfully misrepresented her previous injuries/physical condition in a post-offer medical questionnaire. Given the ruling above, however, the Court does not need to address this contention.

**Appendix**

Exhibits:
1. Ms. Le's Affidavit
2. Ms. Le's deposition transcript
3. Dr. Morgan December 22, 2023 note and April 2024 referral
4. Employer's composite medical records
5. Denial
6. Ms. Le's deposition transcript
7. Text messages between Ms. Le and James Dillon
8. Text messages between Ms. Le and Israel Ocampo
9. Sumitomo-Medical history form
10. Request for Information-Medical Statement-Dr. Morgan

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on August 13, 2024.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| David Weatherman, Employee's Attorney | | X | david@theweathermanfirm.com |
| Jeffrey Taylor, Employer's Attorney | | X | jeff@taylorlawfirmtn.com kathy@taylorlawfirm.com |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*